**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INFOGATION CORPORATION,**<br>**Plaintiff,**<br><br>**v.**<br><br>**MAPPEDIN INC.,**<br>**Defendant.** | **Civil Action No. 2:26-cv-860**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Infogation Corporation ("Infogation" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against Mappedin Inc. ("Mappedin" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

2. Infogation Corporation is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1409 Constellation Drive, Allen, Texas 75013.

3. Upon information and belief, Mappedin Inc. is organized under the laws of Canada and maintains its principal place of business at 445 Wes Graham Way, Suite 100, Waterloo, Ontario N2L 6R2, Canada.

4. Mappedin identifies its Waterloo, Ontario headquarters at the stated address.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Mappedin markets and supports U.S. venue deployments, including Pittsburgh International Airport, and offers navigation SDKs to U.S. customers.

7. Defendant purposefully directs the Accused Instrumentalities and related sales, distribution, licensing, updating, technical-support, and instructional activities to customers and users in the United States and Texas, including this District, and derives substantial revenue from those activities.

8. Defendant has committed and continues to commit acts of infringement in Texas and this District by making, using, testing, demonstrating, importing, offering, selling, licensing, distributing, updating, supporting, and/or instructing use of the Accused Instrumentalities.

9. This Court has personal jurisdiction because Defendant purposefully supplies, licenses, supports, and/or operates the Accused Instrumentalities for the U.S. and Texas markets, and Plaintiff's claims arise from or relate to that conduct. Alternatively, personal jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2) based on Defendant's nationwide U.S. contacts.

10. Venue is proper under the alien-venue rule because Defendant is a foreign corporation. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

11. Defendant has placed the Accused Instrumentalities into the stream of commerce with the intention and expectation that they will be purchased, downloaded, licensed, deployed, and/or used by customers and users in Texas and this District.

**<u>THE PATENT-IN-SUIT</u>**

12. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,107,628 (the "'628 Patent"), titled "Method and Apparatus for Navigating on Artistic Maps," on October 23, 2018.

13. Infogation is the sole and exclusive owner, by assignment, of all right, title, and interest in the '628 Patent, including the right to sue and recover damages for infringement.

14. The '628 Patent claims priority at least as early as August 11, 2007 and is not expected to expire before July 26, 2033.

15. The ’628 Patent concerns computer-navigation technology that displays a non-linearly scaled artistic map while determining navigation using geographic map information that is not displayed, including transformations aligning selected objects and route guidance with the displayed artistic map.

16. The claims of the ’628 Patent are valid and enforceable. The patent includes twenty claims defining distinct inventions, and no single claim is representative of every other claim.

## THE ACCUSED INSTRUMENTALITIES

17. Defendant makes, uses, tests, demonstrates, imports, offers, sells, licenses, distributes, updates, supports, and/or provides Mappedin Navigation, Mappedin Web and Mobile SDKs, Blue Dot, and customer applications implementing those products (collectively, the “Accused Instrumentalities”).

18. The term “Accused Instrumentalities” excludes products, services, technologies, and activities that are licensed or otherwise authorized by Plaintiff.

19. Defendant’s official mappedin navigation states and demonstrates, in substance, that mappedin describes destination selection, highlighted routes, and a live location indicator on custom venue maps. See https://www.mappedin.com/navigation/ (S1).

20. Defendant’s official blue dot documentation states and demonstrates, in substance, that the SDK documentation describes live position, coordinate APIs using latitude/longitude, and navigation that tracks coordinates. See https://developer.mappedin.com/web-sdk/blue-dot (S2).

21. Defendant’s official wayfinding documentation states and demonstrates, in substance, that the documentation describes generating and rendering a wayfinding path between locations. See https://developer.mappedin.com/web-sdk/wayfinding (S3).




*Official Mappedin navigation image (S1). Source: https://www.mappedin.com/static/56377a44ea9ad401fedc96d9a10d77f8/navigation-hero.webp*

22. The Accused Instrumentalities download or receive digital map content over a network, display a customized or artistic map on a portable device, permit selection of a displayed object or destination, determine current location, compute a route or direction using georeferenced navigation data, and render that guidance on the displayed map.

23. The displayed objects and points of interest are rendered as selectable screen regions associated with destination coordinates. Selecting any point within the displayed region identifies substantially the same physical destination represented by latitude and longitude or equivalent geographic coordinates.

24. The Accused Instrumentalities maintain georeferenced navigation and route data separately from the branded, stylized, or three-dimensional presentation layer shown to the user. The geographic navigation data is not displayed directly; instead, the route and guidance are transformed and rendered on the displayed artistic map.

25. The artistic display is non-linearly scaled because buildings, attractions, points of interest, aisles, rooms, icons, and other selectable objects are enlarged, modeled, extruded, emphasized, or otherwise displayed out of strict geographic scale to facilitate selection and navigation.

26. The Accused Instrumentalities include every limitation of at least claims 1, 4–8, 11–18 of the ’628 Patent. Plaintiff reserves the right to assert additional claims and infringement under the doctrine of equivalents as discovery and claim construction proceed.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 10,107,628**

27. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

28. Defendant has directly infringed and continues to directly infringe at least claims 1, 4–8, 11–18 of the ’628 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

29. Defendant directly infringes the asserted method claims when its employees and agents make, test, demonstrate, deploy, operate, update, troubleshoot, and support the Accused Instrumentalities in the United States, thereby performing each claimed step.

30. Defendant directly infringes the asserted apparatus claims by making, using, testing, demonstrating, offering, selling, and/or importing portable devices and systems configured with the Accused Instrumentalities, including during development, quality assurance, customer demonstrations, deployment, and technical support.

31. Users and customers directly infringe the asserted claims when they download or receive the map, select an object or destination, permit detection of current location, request directions, and receive the route or guidance rendered on the displayed map through the Accused Instrumentalities.

32. Defendant actively induces that direct infringement under 35 U.S.C. § 271(b) by distributing the Accused Instrumentalities and providing documentation, SDKs, demonstrations, updates, marketing, and technical support instructing customers and users to operate the accused functions in the infringing manner.

33. Defendant has actual knowledge of the ’628 Patent and the infringement alleged herein at least as of service of this Complaint. Defendant’s continued encouragement and support of the accused operation after notice constitutes knowing and intentional inducement.

34. Defendant’s continued infringement after notice is deliberate and willful. Plaintiff reserves the right to seek enhanced damages under 35 U.S.C. § 284 based on Defendant’s post-notice conduct and evidence obtained in discovery.

35. Plaintiff and its predecessors-in-interest have satisfied the statutory requirements necessary to recover damages for the legally available period, including 35 U.S.C. § 287 to the extent applicable.

36. Defendant’s infringement has caused and continues to cause injury to Plaintiff. Plaintiff is entitled to damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with interest and costs.

37. Defendant’s infringing activities have been without authority or license from Plaintiff as to the Accused Instrumentalities defined above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A. Declaring that Defendant has infringed the asserted claims of the ’628 Patent;

B. Awarding Plaintiff damages adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

C. Awarding enhanced damages under 35 U.S.C. § 284 for willful infringement;

D. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys’ fees under 35 U.S.C. § 285;

E. Granting appropriate prospective relief for continuing infringement; and

F. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Christopher A. Honea*
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**Attorneys for Plaintiff**